**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| STATE OF NEW YORK ET AL.,                  ) | |
|                                            ) | |
|                       Plaintiffs,          ) | |
|                                            ) | |
|               v.                           ) | Civil Action No. 1:19-cv-01029-DNH-CFH |
|                                            ) | |
| UNITED STATES ENVIRONMENTAL                ) | |
|       PROTECTION AGENCY ET AL.,            ) | |
|                                            ) | |
|                       Defendants.          ) | |
| _____ ) | |

**[PROPOSED] ANSWER OF GENERAL ELECTRIC COMPANY, MOVANT TO
INTERVENE AS DEFENDANT, TO PLAINTIFFS' COMPLAINT**

The General Electric Company ("GE"), movant to intervene in the above-captioned case
as a defendant, submits the following answer to the Complaint filed by the State of New York,
the New York State Department of Environmental Conservation ("NYSDEC"), and NYSDEC
Commissioner Basil Seggos (collectively "the State") against the United States Environmental
Protection Agency ("EPA") and its Administrator on August 21, 2019.

<u>**RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT**</u>

GE responds to the numbered paragraphs of the State's Complaint as follows.  Any
allegations that are not expressly admitted are denied.

**Preliminary Statement**[*]

1.      The first sentence of Paragraph 1 constitutes a characterization of the
Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), which

_____

[*] For ease of reference, GE refers to the State's headings and titles in its Complaint, but to the
extent that those headings and titles could be construed to contain factual allegations, those
allegations are denied.

speaks for itself; to the extent that the allegations in that sentence are inconsistent with CERCLA, they are denied.  With respect to the second sentence of Paragraph 1, GE denies that EPA entered into a Consent Decree with GE in 2006; in fact, EPA and GE executed a Consent Decree in 2005 that was approved and entered by this Court in 2006 ("2006 Consent Decree"); the remaining allegations in that sentence constitute a characterization of the 2006 Consent Decree, which speaks for itself; to the extent that those allegations are inconsistent with the 2006 Consent Decree, they are denied.  The third sentence of Paragraph 1 constitutes a characterization of the 2006 Consent Decree, which speaks for itself; to the extent that those allegations are inconsistent with the 2006 Consent Decree, they are denied.

2.      With respect to the first sentence in Paragraph 2, GE admits the allegation in the first clause and denies the allegation in the second clause.  GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 2.  With respect to the third sentence in Paragraph 2, GE admits that EPA issued a Certification of Completion of the Remedial Action on April 11, 2019 and that that Certification gives rise to a covenant not to sue pursuant to the 2006 Consent Decree; the remaining allegations in that sentence constitute a characterization of that Certification, which speaks for itself; to the extent that those allegations are inconsistent with the Certification of Completion, they are denied.

3.      The allegations in Paragraph 3 constitute a characterization of the State's lawsuit, to which no response is required.  To the extent that a response is required, GE denies that the State is entitled to the requested relief.

**Jurisdiction and Venue**

4.      The allegations in Paragraph 4 constitute conclusions of law to which no response is required; to the extent that a response is required, those allegations are denied.

5.      The allegations of Paragraph 5 constitute conclusions of law to which no response is required; to the extent that a response is required, GE admits that if the Court has jurisdiction, venue is proper in the Northern District of New York.

**Parties**

6.      The first sentence of Paragraph 6 constitutes a characterization of the State's lawsuit to which no response is required.  GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 6.  The third and fourth sentences of Paragraph 6 constitute conclusions of law to which no response is required; to the extent that the allegations in those sentences are inconsistent with the law, they are denied. GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 6.

7.      The first and second sentences in Paragraph 7 constitute conclusions of law to which no response is required; to the extent that the allegations in those sentences are inconsistent with the law, they are denied.  GE admits the allegations of the third sentence of Paragraph 7.

**Statutory Background**

*A.  CERCLA*

8.      Paragraph 8 selectively quotes a provision of CERCLA, which speaks for itself; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions.

9.      Paragraph 9 selectively quotes a provision of CERCLA, which speaks for itself; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions.

10.     Paragraph 10 contains characterizations of provisions of CERCLA, which speak for themselves, and conclusions of law to which no response is required; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 10 are inconsistent with CERCLA or the case law thereunder, they are denied.

11.     Paragraph 11 selectively quotes a provision of CERCLA, which speaks for itself; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions.

12.     Paragraph 12 selectively quotes a provision of CERCLA, which speaks for itself; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 12 are inconsistent with CERCLA or the case law thereunder, they are denied.

B.   *The Administrative Procedure Act*

13.     Paragraph 13 contains characterizations of the Administrative Procedure Act ("APA"), which speaks for itself, and conclusions of law to which no response is required; GE respectfully refers the Court and the parties to the text of the APA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 13 are inconsistent with the APA or the case law thereunder, they are denied.

14.     Paragraph 14 contains characterizations of the APA, which speaks for itself, and conclusions of law to which no response is required; GE respectfully refers the Court and the parties to the text of the APA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 14 are inconsistent with the APA or the case law thereunder, they are denied.

**Facts**

A.   *The Hudson River Superfund Site*

15.     With respect to the first sentence of Paragraph 15, GE admits that, for a period of time, it manufactured industrial capacitors containing PCBs at two facilities along the Hudson River, in Fort Edward and Hudson Falls, New York; but it denies the remaining allegations in Paragraph 15.

16.     GE denies the allegations in Paragraph 16.

17.     With respect to the first sentence of Paragraph 17, GE admits that the New York State Department of Health issued fish consumption advisories beginning in 1975 and continuing to the present but denies the remaining allegations in that sentence.  The second sentence of Paragraph 17 constitutes a characterization of New York regulations, which speak for themselves; to the extent that the allegations in that sentence are inconsistent with the regulations, they are denied.

18.     GE admits the first sentence of Paragraph 18.  The second sentence of Paragraph 18 constitutes a characterization of federal regulations, which speak for themselves; to the extent that the allegations in that sentence are inconsistent with the regulations, they are denied.  With respect to the third sentence of Paragraph 18, GE admits that in 1984, EPA issued a Record of Decision ("1984 ROD") relating to the Hudson River; the remaining allegations in that sentence, as well as the allegations in the fourth sentence of Paragraph 18, constitute characterizations of the 1984 ROD, which speaks for itself; to the extent that those allegations are inconsistent with the 1984 ROD, they are denied.

19.     With respect to the first sentence in Paragraph 19, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that sentence.  With respect to

the second sentence in Paragraph 19, GE admits that in 2002, EPA issued a second ROD relating

to the Hudson River ("2002 ROD"); the remaining allegations in that sentence, as well as the

allegations in the third sentence of Paragraph 19, constitute characterizations of the 2002 ROD,

which speaks for itself; to the extent that those allegations are inconsistent with the 2002 ROD,

they are denied.

20.     The first sentence of Paragraph 20 constitutes a characterization of the 2002

ROD, which speaks for itself; to the extent that the allegations in that sentence are inconsistent

with the 2002 ROD, they are denied.  GE denies the allegations in the second and third sentences

of Paragraph 20.

21.     With respect to Paragraph 21, GE admits that NYSDEC concurred in the 2002

ROD and that the passages selectively quoted came from NYSDEC's concurrence letter in

Appendix B to the 2002 ROD; GE lacks sufficient knowledge or information to form a belief as

to the truth of the remaining allegations in Paragraph 21.

   B.   *EPA's 2006 Consent Decree with General Electric*

22.     With respect to Paragraph 22, GE denies that EPA and GE entered into a Consent

Decree in 2006; in fact, EPA and GE executed the Consent Decree in 2005 and it was approved

and entered by this Court in 2006; GE admits the remaining allegations in Paragraph 22.

23.     GE admits the allegations in Paragraph 23.

24.     Paragraph 24 constitutes a characterization of the 2006 Consent Decree and

selectively quotes from that Consent Decree, which speaks for itself; to the extent that the

allegations in Paragraph 24 are inconsistent with the 2006 Consent Decree, they are denied.

25.     Paragraph 25 constitutes a characterization of provisions of the 2006 Consent

Decree and selectively quotes from that Consent Decree, which speaks for itself; to the extent

that the allegations in Paragraph 25 are inconsistent with the 2006 Consent Decree, they are denied.

26.     GE admits the allegations in Paragraph 26.

27.     With respect to Paragraph 27, the allegation that "EPA has not found the remedy protective as required by law" constitutes a conclusion of law to which no response is required; to the extent that a response is required, that allegation is denied. Further, GE admits that the State objected to the issuance of the Certification in certain correspondence with EPA, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27.

C.   *The Efficacy of the Completed Remedial Action*

28.     GE denies the allegations in Paragraph 28.

29.     GE denies the allegations in Paragraph 29.

30.     The allegations in the first sentence of Paragraph 30 are too vague and ambiguous to allow a response; to the extent that a response is required, the allegations are denied.  GE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30.

31.     GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31.

32.     GE denies the allegations in the first sentence of Paragraph 32.  With respect to the second sentence of Paragraph 32, GE admits that NYSDEC conducted sediment sampling in the autumn of 2017, but GE lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in that sentence.  With respect to the third sentence of Paragraph 32, GE admits that NYSDEC published an analysis of its sampling results in

7

December 2018 but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in that sentence.

33.     Paragraph 33 constitutes a characterization of EPA's Second Five-Year Review Report, which speaks for itself; to the extent that the allegations in Paragraph 33 are inconsistent with that report, they are denied.

34.      Paragraph 34 constitutes a characterization of EPA's Second Five-Year Review Report, which speaks for itself; to the extent that the allegations in Paragraph 34 are inconsistent with that report, they are denied.

35.     The first sentence of Paragraph 35 constitutes a characterization of EPA's Second Five-Year Review Report, which speaks for itself; to the extent that the allegations in that sentence are inconsistent with that report, they are denied.  GE denies the remaining allegations in Paragraph 35.

36.     GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 36.  GE denies the allegations in the second sentence of Paragraph 36.

D.  *The State's Interests*

37.     GE denies the allegations in the first sentence of Paragraph 37.  With respect to the second sentence of Paragraph 37, GE denies the first clause; the second clause constitutes a characterization of the covenant not to sue in the 2006 Consent Decree, which speaks for itself; to the extent that the allegation in that clause is inconsistent with the 2006 Consent Decree, it is denied.  The allegations in the third sentence of Paragraph 37 are too vague and ambiguous to allow a response; to the extent that a response is required, the allegations are denied.  With respect to the fourth sentence of Paragraph 37, GE admits that certain fish consumption

advisories are in place on the Hudson River but denies the remaining allegations in that sentence. The fifth sentence of Paragraph 37 constitutes a characterization of fish consumption advisories, which are publicly available and speak for themselves; to the extent that the allegations in that sentence are inconsistent with those advisories, they are denied.  The allegations in the sixth sentence of Paragraph 37 are too vague and ambiguous to allow a response; to the extent that a response is required, the allegations in that sentence are denied.  GE denies the allegations in the seventh sentence of Paragraph 37.

**First Claim for Relief**

38.      In response to Paragraph 38, GE incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

39.      The first three sentences of Paragraph 39 contain characterizations of provisions of CERCLA, which speak for themselves, and conclusions of law to which no response is required; GE respectfully refers the Court and the parties to the text of CERCLA for its full and complete statutory provisions; to the extent that the allegations in the first three sentences of Paragraph 39 are inconsistent with CERCLA or the case law thereunder, they are denied.  GE denies the allegations in the fourth sentence of Paragraph 39.

40.      GE denies the allegations in Paragraph 40.

41.      GE denies the allegations in Paragraph 41.

42.      Paragraph 42 characterizes and selectively quotes from the APA, which speaks for itself; GE respectfully refers the Court and the parties to the text of the APA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 42 are inconsistent with the APA or the case law thereunder, they are denied.

43.      GE denies the allegations in Paragraph 43.

**Second Claim for Relief**

44.     In response to Paragraph 44, GE incorporates by reference its responses to Paragraphs 1 through 43 as if fully set forth herein.

45.     Paragraph 45 characterizes and selectively quotes from the APA, which speaks for itself; GE respectfully refers the Court and the parties to the text of the APA for its full and complete statutory provisions; to the extent that the allegations in Paragraph 45 are inconsistent with the APA or the case law thereunder, they are denied.

46.     GE denies the allegations in Paragraph 46.

47.     GE denies the allegations in Paragraph 47.

**Prayer for Relief**

The allegations contained in the State's Prayer for Relief consist of the State's request for relief, to which no response is required; to the extent that a response is required, GE denies that the State is entitled to the relief requested..

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The State's Complaint fails as a matter of law to state a claim on which relief may be granted.

**Second Affirmative Defense**

The State's lawsuit constitutes an impermissible and untimely challenge to a prior order and judgment of this Court – namely, the 2006 Consent Decree.

**Third Affirmative Defense**

The Court lacks jurisdiction over the subject matter of this action.

**Fourth Affirmative Defense**

The State's lawsuit is barred by the applicable statute of limitations.

**Fifth Affirmative Defense**

The State's lawsuit is barred by laches and/or estoppel.

**RELIEF REQUESTED**

Having answered, GE requests:

1.      That the State's Complaint against EPA be dismissed with prejudice and the State be granted no relief;

2.      That GE be awarded its costs and disbursements in this matter; and

3.      Such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ Dean S. Sommer
Dean S. Sommer
Kristin Carter Rowe
YOUNG/SOMMER LLC
Five Palisades Drive
Albany, NY 12205
(518) 438-9907
dsommer@youngsommer.com
krowe@youngsommer.com

Samuel I. Gutter*
10e Cape Codder Road
Falmouth, MA 02540
(508) 540-0180
sgutter@outlook.com

Eric S. Merrifield*
Executive Counsel
General Electric Company
P.O. Box 2049
Poulsbo, WA 98370
(518) 527-5140
eric.merrifield@ge.com

James R. Bieke*
Timothy K. Webster*
SIDLEY AUSTIN, LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
jbieke@sidley.com
twebster@sidley.com

*Attorneys for Movant for Intervention General Electric Company*

*(*  Application for admission pro hac vice pending)*

Dated:  September 23, 2019

11